IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robb William Pataski,                        :
                  Petitioner      :
                                            :
     v.                            :  No. 584 C.D. 2019
                                            :  SUBMITTED: October 18, 2019
Pennsylvania Board of Probation and :
Parole,                                :
                  Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                               FILED: January 7, 2020

Petitioner Robb William Pataski (Pataski) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) April 15, 2019 ruling affirming its August 15, 2018 decision, through which the Board recommitted Pataski as a convicted parole violator (CPV) to serve 30 months of backtime and recalculated his maximum parole violation date as April 8, 2021. Pataski's counsel, Kent D. Watkins, Esquire (Counsel), has submitted an Application to Withdraw as Counsel (Application to Withdraw) along with a *Turner* letter.[1] Counsel contends

---

[1] In a *Turner* letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

> Such letters are referred to by various names by courts of this Commonwealth. *See, e.g., Commonwealth v. Porter*, . . . 728 A.2d 890, 893 & n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa. Super.] 1984));

the arguments raised by Pataski are frivolous and without merit. We deny Counsel's Application to Withdraw without prejudice and direct Counsel to file either a proper, amended Application to Withdraw and a no-merit letter, or an advocate's brief, within 30 days.

## I. Background

On February 20, 2002, Pataski pled guilty in the Court of Common Pleas of Fayette County to two counts of robbery. Pataski received an aggregate sentence of two-to-four years in state prison. Certified Record (C.R.) at 1. On September 16, 2002, Pataski pled guilty in the Court of Common Pleas of Washington County, to two counts of robbery and one count of attempted robbery. For these Washington County convictions, Pataski received concurrent sentences of three-to-six and four-to-eight years in state prison. *Id.* In addition, both the Fayette County and Washington County sentences ran concurrently with each other. *Id.* Pataski was released on parole on August 28, 2005, at which point the maximum dates on his Washington County sentences were, respectively, July 19, 2007, and July 19, 2009. *Id.* at 8.

On January 27, 2006, the Board declared Pataski delinquent, effective January 24, 2006, due to his repeated failure to maintain proper contact with parole supervision. *Id.* at 11; 36. On January 29, 2006, Pataski was arrested by Maryland State Police in Allegany County, Maryland, in connection with a gunpoint carjacking. *Id.* at 13-17, 37-39. On January 30, 2006, the Board issued a warrant for

---

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter") [(referring to the Pennsylvania Supreme Court case *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988))]; *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

Pataski's arrest. *Id.* at 12. On April 18, 2006, Pataski pled guilty in the Maryland Circuit Court for Allegany County to one count of armed robbery and one count of use of a handgun in the commission of a crime. *Id.* at 37. On July 10, 2006, Pataski received a 20-year sentence for the first count, with 5 years suspended, and a consecutive 5-year sentence for the second. *Id.* at 20-21.

On November 16, 2006, while on parole from his Fayette County and Washington County convictions, Pataski was charged with two counts each of burglary, criminal conspiracy, criminal trespass, criminal mischief, and theft by unlawful taking, in connection with two January 2006 incidents in Peters Township, Pennsylvania. *Id.* at 51. Additionally, Pataski was charged in a separate case with one count each of burglary, criminal conspiracy, and theft by unlawful taking, relating to a January 2006 incident in North Strabane Township, Pennsylvania. *Id.* at 63. On May 31, 2007, Pataski pled guilty to a total of three counts of burglary pertaining to these two cases. *Id.* at 52, 59, 64-66.[2] He was subsequently sentenced in the Court of Common Pleas of Washington County[3] to an aggregate sentence of 15 to 30 months, concurrent with the sentence that had been imposed upon him by the Maryland Circuit Court for Allegany County. *Id.* at 52-55, 64-66.

Pataski was eventually released from his Maryland state sentence and was returned to the Pennsylvania Department of Corrections' custody on May 18, 2018. *Id.* at 73-74. The Board then held a parole revocation hearing on May 22, 2018, during which Pataski admitted to the veracity of his Maryland and Pennsylvania convictions, as well as a number of technical parole violations. *Id.* at 26-29. On August 15, 2018, the Board ordered Pataski to serve 30 months of backtime as a

---

[2] The remaining charges were *nolle prossed*. C.R. at 52.

[3] Both North Strabane Township and Peters Township are located in Washington County.

CPV, as well as a concurrent 6 months of backtime as a technical parole violator. His maximum date on his unexpired 2002 convictions was recalculated as April 8, 2021. *Id.* at 77-78.

On September 6, 2018, Marc T. Valentine, Esquire, of the Office of the Public Defender, Somerset County, filed an administrative remedies form with the Board on behalf of Pataski. *Id.* at 79-81. Therein, Pataski argued that the Board had wrongly applied the current CPV presumptive range when determining how much backtime to give him and, instead, should have used those which had been in effect 14 years prior. *Id.* at 80. In addition, Pataski claimed he was no longer a threat to the community. *Id.*

On April 15, 2019, the Board responded by affirming its August 15, 2018 decision. *Id.* at 85. The Board explained to Pataski that the 30 months of total backtime it had given him was proper, as it fell squarely within the presumptive range established in the Board's administrative regulations. *Id.*

On May 15, 2019, Counsel filed a Petition for Review on Pataski's behalf, in which he argued that the Board had failed to properly credit Pataski for time served solely on the Board's warrant and for "time served in good standing on parole." Petition for Review, ¶¶5-6.

On August 11, 2019, Counsel submitted his Application to Withdraw and *Turner* letter.[4] In his Application to Withdraw, Counsel states he has reviewed the Certified Record and has concluded "there are no grounds for appeal and [that Pataski's] appeal is frivolous." Application to Withdraw at 2. In his *Turner* letter,

---

[4] Counsel was not appointed by our Court to represent Pataski, and instead appears to have been privately retained. However, his effort to withdraw from this appeal is governed by the same rules that delineate the withdrawal of court-appointed attorneys from similar matters. *Reale v. Pa. Bd. of Prob. & Parole*, 512 A.2d 1307, 1310 (Pa. Cmwlth. 1986).

Counsel provides a thorough recapitulation of Pataski's criminal record and the resultant Board actions. No Merit Letter at 1-6. In addition, Counsel identifies two issues as having been raised in the Petition for Review. First, the Board failed to properly credit Pataski for all time served while being detained solely on the Board's warrant. *Id.* at 1. Second, the Board committed an abuse of discretion by declining to give Pataski credit for his accrued street time. *Id.* Curiously, Counsel subsequently addresses neither of these arguments, which he himself raised on behalf of his client. Instead, Counsel analyzes Pataski's claim that the Board applied the wrong presumptive CPV backtime range and concludes that this claim is without merit. *See id.* at 6.

Counsel also sent a copy of this *Turner* letter to Pataski, informing him that Counsel had found the Petition for Review to be without merit, explaining the basis for this determination, and directing Pataski to retain another attorney or file a *pro se* brief with our Court, in the event that Pataski disagreed with Counsel's reasoning. *Id.* at 7.

## II. Discussion

Before addressing the validity of Pataski's substantive arguments, we must assess the adequacy of Counsel's *Turner* letter. Throughout this process, Pataski has only sought to challenge the Board's calculation of his maximum date, its imposition of backtime, and its determinations regarding credit for various periods of time Pataski was either in carceral detention or in the custody of community corrections or parole violator centers. For this reason, Counsel appropriately elected to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa.

5

Cmwlth. 2010).[5] "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Turner*, 544 A.2d at 928) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. However, in the event the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

We deem Counsel's *Turner* letter to be inadequate. Though Counsel correctly elected to address Pataski's presumptive range argument,[6] he failed to substantively analyze either of the two time credit issues that *Counsel himself* had presented on behalf of Pataski in the Petition for Review. Consequently, we deny Counsel's Application to Withdraw without prejudice, and direct him to remedy the aforementioned deficiencies by filing either an amended Application to Withdraw and *Turner* letter, or an advocate's brief in support of the Petition for Review, within 30 days.

_____
ELLEN CEISLER, Judge

_____

[5] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). An *Anders* brief was unnecessary in this matter, however, as none of Pataski's claims implicated his constitutional right to counsel. *See Seilhamer*, 996 A.2d at 40 n.4.

[6] This was the appropriate course of action, as "the omission of an issue from the statement [of objections in a petition for review] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." Pa. R.A.P. 1513(d)(5).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robb William Pataski,           :
             Petitioner     :
                              :
        v.                :  No. 584 C.D. 2019
                              :
Pennsylvania Board of Probation and :
Parole,                         :
             Respondent     :

**O R D E R**

AND NOW, this 7th day of January, 2020, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is hereby DENIED WITHOUT PREJUDICE. Counsel shall file an amended Application to Withdraw as Counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), or an advocate's brief in support of the Petition for Review, within thirty (30) days of the date of this order.

 

_____
ELLEN CEISLER, Judge